**FILED**
**Feb 11, 2019**
**12:56 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **JULIE CROWE,** | ) | **Docket No. 2018-05-0638** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **LOGAN'S ROADHOUSE,** | ) | **State File No. 38592-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **AGRI GEN. INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

---

This matter came before the Court on January 29, 2019, for an Expedited Hearing. The central legal issue is whether Ms. Crowe is likely to establish at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment. For the reasons below, the Court cannot find she is likely to prove this but holds Ms. Crowe is entitled to a panel of physicians.

### History of Claim

Ms. Crowe worked as a manager for Logan's Roadhouse. She testified that, on May 10, 2018, she and some other employees were "rolling silverware" in an area called the garage. When a large tub was filled with completed silverware rolls, she asked co-worker Kobe Beers to help her move it to the front of the restaurant. While they were moving the tub, she felt a pop in her right shoulder. Ms. Crowe did not report the injury at the time because she was the only manager present.

Ms. Crow continued to have severe pain in her shoulder, and she reported it the next day to her supervisor, Joanna Webb. Logan's took no action regarding her injury. Ms. Crowe worked the next few days and then went to her personal physician, Dr. Olen Burns.

1

Dr. Burns' records show that Ms. Crowe saw NP Alicia Harper on May 18 and reported shoulder pain that began when she carried a large bin and felt her shoulder pop. She said she could not hold her arm up or move it backwards without severe pain. NP Harper suspected a labral or rotator-cuff tear and recommended an MRI.

Eventually, Ms. Crowe contacted her district manager and received a password to complete her workers' compensation claim documents online. She filed a First Report of Injury on May 24. Logan's filed a Notice of Denial on June 19, stating that Mr. Beers did not see her lift the silverware tub and that Ms. Crowe had a history of right-shoulder problems.

After Logan's denied Ms. Crowe's claim, she emailed Dr. Burns about Logan's contention that she had a preexisting condition. Dr. Burns responded:

> I do not believe that I have had any communications with any entity about your shoulder pain. Our medical records show that you were seen by Alicia Harper (NP) on May 18 and had NEW shoulder pain. There was no mention of previous history of shoulder pain. The first time I ever saw you was in 2016 and there was no mention of prior shoulder problems then. So I'm not sure where anyone would be able to call that a pre-existing condition.

Kobe Beers testified at the hearing[1] that the first time he heard of Ms. Crowe's claim was when his supervisors asked him for a written statement. He denied ever seeing Ms. Crowe lift a bin of silverware. When asked if he ever helped her lift a bin of silverware, he responded that he helped "a lot of people" but could not recall all of them. On cross-examination, Ms. Crowe asked Mr. Beers if she asked him on May 10 to come to the garage and help her carry a bin of silverware to the front. He said, "Maybe. I don't know. I can't remember an exact day or anything about it."

Ms. Crowe said she still suffers from shoulder pain. She asked the Court to order Logan's to provide medical treatment and temporary disability benefits.

Logan's countered that Ms. Crowe is not entitled to additional workers' compensation benefits. It questioned whether the injury actually occurred as she described, arguing that the incident was unwitnessed and Ms. Crowe delayed telling anyone about it. Logan's also contended that her problems were the result of a

___

[1] Logan's called several witnesses. Most of their testimony related to whether Ms. Crowe gave adequate legal notice of her injury, i.e., whether she received training in reporting workers' compensation claims and when she actually reported this claim. Because Logan's eventually conceded during the hearing that it had notice of Ms. Crowe's claim within fifteen days of May 5, the Court finds it unnecessary to summarize that testimony or address the notice defense.

preexisting medical condition that was not aggravated by a work injury. Further, it argued that Ms. Crowe failed to establish that her shoulder condition arose primarily out of and in the course and scope of her employment.

## Findings of Fact and Conclusions of Law

*Standard applied*

Ms. Crowe need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, she must present sufficient evidence demonstrating that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Causation*

To prove a compensable injury, Ms. Crowe must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must identify a work-related incident, or specific set of incidents, identifiable by time and place of occurrence, that led to the injury. Further, she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14).

Applying these principles to the facts of this case, the Court first notes that Ms. Crowe's description of the work-related incident has been unwavering – from her visit at Dr. Burns' office, to the First Report of Injury she completed, to the Petition for Benefit Determination, her affidavit, and her testimony. She consistently described feeling a pop in her shoulder while carrying a bin of silverware at work. Logan's presented no evidence of any other cause of the injury. Rather, Logan's opposition is Mr. Beers' testimony and the argument that Ms. Crowe delayed reporting the work injury.

Regarding the alleged delay in reporting, a factual dispute exists as to when Logan's had actual notice of the injury. Ms. Crowe claimed she reported it to Ms. Webb the day after it happened. Ms. Webb testified that she knew of Ms. Crowe's injury but was unaware that it occurred at work. Ultimately, this dispute is irrelevant. Regardless of when Logan's received notice, it admitted Ms. Crowe reported her work injury within the fifteen-day period required by the statute. Further, it offered no authority for the proposition that merely delaying a report of injury until the end of the fifteen-day period constitutes cause to deny a claim.

3

As to Mr. Beers, the Court found him earnest, but his testimony and written statements ran the gamut between contradictory and immaterial. His written statements, which Logan's emphasized were created on May 25,[2] said that he had not seen Ms. Crowe lift any silverware "in the last week." As the injury occurred over two weeks before May 25, these statements do not shed any light on whether Ms. Crowe lifted the bin on May 10.

Mr. Beers' hearing testimony fared no better than his written statements. He first testified that he never saw Ms. Crowe lift a bin of silverware. Then, when asked if he ever helped her do that, he said he has helped "a lot of people" but could not recall all of them. Finally, Ms. Crowe asked Mr. Beers on cross-examination if she asked him on May 10 to come to the garage and help her carry a bin of silverware to the front. His response was, "Maybe. I don't know. I can't remember an exact day or anything about it." The Court finds these ambiguities insufficient to overcome Ms. Crowe's steady, consistent, unequivocal testimony, which the Court found credible. Therefore, the Court holds that Ms. Crowe demonstrated she is likely to establish a specific incident, identifiable by time and place, at a hearing on the merits.

The question then is whether Ms. Crowe appears likely to prove at a hearing on the merits that her work was the primary cause of the injury and need for treatment. The Court cannot find at this time that she is likely to meet this burden. Neither party offered any medical opinions addressing the cause of Ms. Crowe's condition. Absent this opinion, she cannot prove "to a reasonable degree of medical certainty" that her work "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes."

However, the Court must also address Logan's failure to provide a panel of physicians. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that, "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians . . . from which the injured employee shall select one (1) to be the treating physician." Further, the administrative rules require an employer to provide a panel no later than three days after an employee expresses a need for medical care. Tenn. Comp. R. & Regs. 0800-02-01-.06 (2018). An employer who fails to comply with this rule may be assessed a civil penalty. *Id.*

Further, at an expedited hearing, an employee need not establish the compensability of her claim by a preponderance of the evidence, but rather where the employee comes forward with sufficient evidence to support that a work event resulted in injury, it may also be sufficient to support an order compelling an employer to provide a panel. *See Lewis v. Molly Maid,* 2016 TN Wrk. Comp. App. Bd. LEXIS 19, at \*8-9 (Apr.

---

[2] The fact that he dated one of the statements May 15 raises further questions about their reliability.

20, 2016). Thus, the question is whether Ms. Crowe provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to a panel of physicians.

Logan's contended that Ms. Crowe suffered from a preexisting shoulder condition but presented no evidence to support this argument. Likewise, Logan's offered no proof in support of its argument that the work injury did not aggravate the alleged preexisting condition. Finally, even if it had some factual basis for this position, those facts would not excuse Logan's from its statutory duty to provide medical treatment once it received notice of a work injury. The Court is constrained to the record before it because "judges, like lawyers, are poorly positioned to formulate expert medical opinions." *Love v. Delta Faucet Co.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 45, at *15-16 (Sept. 19, 2016). Similarly, parties cannot rely solely on their own medical interpretations to support their arguments. *Lurz v. Int'l Paper Co.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018).

Therefore, the Court holds Ms. Crowe provided sufficient evidence to satisfy her burden at this interlocutory stage that she is entitled to a panel of physicians. Logan's shall provide a panel from which Ms. Crowe may choose an authorized physician for evaluation and, if appropriate, treatment of her alleged injuries in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A).

*Temporary Disability Benefits*

Ms. Crowe also seeks temporary disability benefits. An injured worker is eligible for temporary total disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As noted above, Ms. Crowe failed to prove she is likely to meet her burden of proving a work-related injury. Therefore, the Court cannot find at this time that she appears likely to prevail on a claim for temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Logan's shall provide Ms. Crowe with a panel of orthopedic physicians and any medical treatment made reasonably necessary by her May 10, 2018 injury.

2. Ms. Crowe's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on March 26, 2019, at 10:00 a.m. The parties must call toll-free at 855-874-0473 to participate. Failure to call in may result in a determination of the issues without the parties' participation. All

conferences are set using Central Time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED this the 11th day of February, 2019.**

_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Julie Crowe
2. First Report of Injury
3. Wage Statement
4. Notice of Denial
5. Kobe Beers' written statement dated 5-15-18
6. Printout of texts with Bob Ross
7. Printout of texts with Joanna Webb
8. Copy of postcard from Bureau
9. Photographs of silverware bins
10. Records from Dr. Olen Burns
11. Records from Stonecrest Medical Center
12. Printout of Sprint bill
13. Printout of Logan's Workers Compensation Detail
14. Kobe Beers' undated written statement
15. Photographs of scanned written statement

6

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Statement
5. Employer's Response to Request for Expedited Hearing
6. Employee's Response to Employer's Witness and Exhibit List

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 11th day of February, 2019.

| Name | Certified Mail | Email | Service Sent To |
|------|----------------|-------|-----------------|
| Julie Crowe, Self-Represented Employee | X | X | 506 Osage Court LaVergne, TN 37086 Molly0121@gmail.com |
| John Barringer, Employer's Attorney | | X | jbarringer@manierherod.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

7



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation

www.tn.gov/labor-wfd/wcomp.shtml

wc.courtclerk@tn.gov

1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

<u>Notice</u>

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

<u>Statement of the Issues</u>

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

<u>Additional Information</u>

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits

☐  Medical benefits for current injury

☐  Medical benefits under prior order issued by the Court

<u>List of Parties</u>

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month      Medical/Dental  $ _____ per month

Groceries          $ _____ per month        Telephone       $ _____ per month

Electricity        $ _____ per month        School Supplies $ _____ per month

Water              $ _____ per month        Clothing        $ _____ per month

Gas                $ _____ per month        Child Care      $ _____ per month

Transportation     $ _____ per month        Child Support   $ _____ per month

Car                $_____ per month

Other              $ _____ per month (describe: _____)

10. Assets:

Automobile             $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House                  $ _____     (FMV) _____

Other                  $ _____     Describe:_____

11. My debts are:

Amount Owed                    To Whom

_____           _____

_____           _____

_____           _____

_____           _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                    RDA 11082